**SANDERS LAW GROUP**
Craig B. Sanders, Esq.
333 Earle Ovington Blvd., Suite 402,
Uniondale, New York 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 125147

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | |
|---|---|
| Robert Guillory, | |
| Plaintiff, | Case No: |
| v. | **COMPLAINT** |
| Hollywoodlife.com, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

Plaintiff Robert Guillory ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against Defendant Hollywoodlife.com, LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein creates photographic images and owns the rights to these photographs which Plaintiff licenses for various uses including online and print publications.

3. Defendant owns and operates a website known as hollywoodlife.com

(the "*Website*").

4. Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's photographs on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. Plaintiff Robert Guillory is an individual who is a citizen of the State of California and maintains a principal place of business at 25258 Prado De Las Panteras, Calabasas in Los Angeles County, California.

6. Upon information and belief, Defendant Hollywoodlife.com, LLC, is a Delaware limited liability company with a principal place of business at 10 Stepping Stone, Greenwich in Fairfield County, Connecticut 06830, and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Hollywoodlife.com, LLC because it maintains its principal place of business in Connecticut.

9. Venue is proper under 28 U.S.C. §1391(a)(2) because Hollywoodlife.com, LLC does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

10. Plaintiff is a professional photographer by trade who is the legal and rightful owner of photographs which it licenses to online and print publications.

11. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

12. Plaintiff has obtained active and valid copyright registrations from the

United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

13. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

14. Hollywoodlife.com, LLC is the registered owner of the Website and is responsible for its content.

15. Hollywoodlife.com, LLC is the operator of the Website and is responsible for its content.

16. The Website is a popular and lucrative commercial enterprise.

17. The Website is monetized in that it contains paid advertisements and, upon information and belief, Defendant profits from these activities.

18. On November 20, 2021, Plaintiff authored a photograph of the exterior of 24877 Eldorado Meadow Road, Hidden Hills, California ("*Photograph 1*"). A copy of Photograph 1 is attached hereto collectively as Exhibit 1.

19. Plaintiff applied to the USCO to register Photograph 1 on or about January 19, 2022, under Application No. 1-11118849781.

20. Photograph 1 was registered by the USCO on January 19, 2022, under Registration No. VA 2-289-987.

21. On March 17, 2022, Plaintiff first observed Photograph 1 on the Website. A copy of screengrab of the Website including Photograph 1 is attached hereto collectively as Exhibit 2.

22. Photograph 1 was displayed at URL: https://hollywoodlife.com/2021/12/27/kanye-west-buys-house-hidden-hills-across-the-street-kim-kardashian-photos/.

23. Photograph 1 was stored at URL: https://hollywoodlife.com/wp-content/uploads/2021/12/Kanye-West-Buys-House-across-from-Kim-backgrid-embed-1.jpg.

24. On November 20, 2021, Plaintiff authored a photograph of the inside living area of 24877 Eldorado Meadow Road, Hidden Hills, California ("*Photograph 2*"). A copy of Photograph 2 is attached hereto collectively as Exhibit 1.

25. Plaintiff applied to the USCO to register Photograph 2 on or about January 19, 2022, under Application No. 1-11118849781.

26. Photograph 2 was registered by the USCO on January 19, 2022, under Registration No. VA 2-289-987.

27. On March 17, 2022, Plaintiff first observed Photograph 2 on the Website. A copy of screengrab of the Website including Photograph 2 is attached hereto collectively as Exhibit 2.

28. Photograph 2 was displayed at URL: https://hollywoodlife.com/2021/12/27/kanye-west-buys-house-hidden-hills-across-the-street-kim-kardashian-photos/.

29. Photograph 2 was stored at URL: https://hollywoodlife.com/wp-content/uploads/2021/12/Kanye-West-Buys-House-across-from-Kim-backgrid-embed-2.jpg.

30. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and displayed each of Plaintiff's copyright protected photographs (hereinafter collectively referred to as "*Photographs*") as are set forth in Exhibit "1" on the Website.

31. Upon information and belief, the Photographs were copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter singularly the "*Infringement*" and collectively the "*Infringements*").

32. Each Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and

therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

33. Each Infringement is a copy of the entirety of Plaintiff's original images that were directly copied and stored by Defendant on the Website.

34. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photographs.

35. Upon information and belief, Defendant directly contributes to the content posted on the Website by, inter alia, directly employing reporters, authors and editors as its agents, including but not limited to Chris Rogers whereby Defendant's Website lists him as "Deputy Editor of the Los Angeles" ("*Employees*").

36. Upon information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringements.

37. Upon information and belief, at all material times the Employees were acting within the course and scope of their agency when they posted the Infringements.

38. Upon information and belief, the Photographs were willfully and volitionally posted to the Website by Defendant.

39. Upon information and belief, Defendant is not registered with the United States Copyright Office pursuant to 17 U.S.C. §512.

40. Upon information and belief, the Infringements were not posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

41. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

42. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

43. Upon information and belief, Defendant monitors the content on its Website.

44. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

45. Upon information and belief, the Infringements increased traffic to the Website and, in turn, caused Defendant to realize an increase its advertising revenues.

46. Upon information and belief, a large number of people have viewed the unlawful copies of the Photographs on the Website.

47. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

48. Defendant's use of the Photographs, if widespread, would harm Plaintiff's potential market for the Photographs.

49. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

50. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

51. The Photographs are original, creative works in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

52. Plaintiff has not licensed Defendant the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the Copyrights to Defendant.

53. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

54. Defendant's reproduction of the Photographs and display of the Photographs on the Website constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

55. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

56. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

57. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

58. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 et seq. and award

damages and monetary relief as follows:

    a. finding that Defendant infringed upon Plaintiff's copyright interest in the Photographs by copying and displaying without a license or consent;

    b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

    d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505.

    e. for pre judgment interest as permitted by law; and

    f. for any other relief the Court deems just and proper.

DATED: October 11, 2022

**SANDERS LAW GROUP**

By:   */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
333 Earle Ovington Blvd., Suite 402,
Uniondale, New York 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 125147
*Attorneys for Plaintiff*